[621 NYS2d 889]

## In the Matter of ABRAHAM ROSTEN, an Attorney, Resignor.

Second Department, January 9, 1995

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains, for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Abraham Rosten has submitted an affidavit dated November 1, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Rosten was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on April 8, 1953.

Mr. Rosten acknowledges that he is the subject of an inves-

tigation by the Grievance Committee for the Ninth Judicial District into allegations of his professional misconduct. The resignor concedes that he prematurely released from his escrow account to his client a $46,000 down payment which he was required to hold in escrow until the date of closing. A judgment in the sum of $85,220.08 was entered against the respondent following a trial before the Honorable Aldo Nastasi. The judgment amount represented the return of the contract deposit, interest thereon at the prevailing rate, and punitive damages in the form of legal fees. Following the court's decision, Mr. Rosten directed his secretary to take certain actions designed to make him and his client judgment proof to frustrate any attempt to collect on the judgment.

Mr. Rosten acknowledges that he cannot successfully defend himself on the merits against the allegations made by the complainants in the investigation being conducted by the Grievance Committee.

Although it is Mr. Rosten's belief that he has now fully accounted to all parties for any and all funds that had been entrusted to him to be held in escrow, he is aware that, pursuant to Judiciary Law § 90 (6-a), the Court could, in any order permitting him to resign, require him to make monetary restitution, to the extent that any funds may not be accounted for, to any persons whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection. Mr. Rosten further expressed an awareness that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity to be heard in opposition thereto.

Mr. Rosten acknowledges that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress and that he is fully aware of the implications of submitting his resignation.

The Grievance Committee supports acceptance of the respondent's affidavit of resignation as it is in the best interests of the public.

Inasmuch as the proffered resignation conforms with the Court rules, the resignation of Abraham Rosten as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Abraham Rosten is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and THOMPSON, JJ., concur.

Ordered that the resignation of Abraham Rosten is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Abraham Rosten is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Abraham Rosten shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Abraham Rosten is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.